MATHEWS, J.
delivered the opinion of the court. This suit is instituted to recover the balance of the price of a tract of land, sold by the plaintiff and appellant, on which a mortgage was retained for the payment of the price.
The defendant and appellee resists the claim, on the ground that a mortgage still exists on the land, against the plaintiff's testator, in favor of one Burger, from whom it was purchased.
An order of seizure having been granted by the parish court against the mortgaged premises, was stayed by an injuction, which was after- wards made perpetual, unless the plaintiff should should *626 legally prove that Bergers's claim, resulting froi~ the mortgage in his favor, has been satisfied.
East'n District.
July, 1818.
From this decision the plaintiff appealed.
The facts necessary to be noticed in the ease are as follows : Bouthemy, the plaintiff's testa-br, purchased the premises from Burger, for the sum of eight thousand dollars, giving a mort-ga~re to the seller, general on all his property, and special on the laud sold. This mortgage was afterwards transferred to 3. 13. Labatut, to secure the payment of fourteen hundred and eight dollars and fifty cents, and afterwards to T. Durnford, to secure tha.t of three thousand two hundred dollars, payable June 13, 1807, who, on the 13th of June, 1808, gave a final acquittance, on his part, by a notarial act. La-batut did The like. All this appears by the certificate of the register of mortgages these acts being regularly recorded in his office. It is also shewn that Berger's mortgage was entirely cancelled and annulled, by an order €f the parish court4on the 15th of May, 1817. The register further certifies, in general terms, that no mortgage now exists on said property. But, on referring to the record of the suit, in which the order for cancelling Berger's mortgage in toto, was made, we find it to bea suit against Durn-ford, to which Berger was not a party.
*627 The only question, arising on these facts, is whether the mortgage on the property purchased by the defendant has been legally and justly cancelled, so as to render him liable to be condemned to pay the plaintiff's claim, either in equity, or according to the terms of their contract.
The certificate of the register of mortgages, declaring, in general terms, that, according to his records, no mortgage now exists on the land against Bouthemy’s estate is prima facie evidence in favor, of the plaintiff’s right to recover his claim, on the ground of Berger’s mortgage having been raised and annulled. But, this must be compared and examined with, and explained by, the other facts apparent , in the case, which shew the manner of proceeding on the part of the plaintiff, in a former case, to affect the raising and cancelling of said mortgage.
It is perhaps true, that either of the assignees of the mortgage might have received the whole amount secured by it, and in that event an acquittance in toto would have been good against the original mortgage. The debt secured was payable by instalment, and the debtor and mortgagor thought fit to pay to the assignees of his creditor, the sums for which the transfer was made, and acquittances were given and *628 received to that effect. It is our opinion that these acquittances operated an extinguishment of all the equitable right, title and interest, which the assignees held under the transfer of the mortgage, and perhaps all authority to sue or collect any balance that might remain, which is certainly the property of the original mortgagor, who may be considered as reinstated in his former right as to what remains due after as acknowledged satisfaction made to his transferees.
If this opinion be correct, the parish judge was right in considering his order of the 15th of July, 1817, as founded in error, being grant- ed in a suit against Durnford who was no long- er interested in the mortgage. For by such an order or decree, the right of Berger ought not to be affected, as he was not made a party to the action. This decree of the parish court, it is believed, being the only foundation for the certificate of the register of mortgages, by which he certifies that no mortgage now exists on the land: the force of its evidence is destroyed by The orreneous circumstances, under which the order was made, and leaves the property, for any thing that appears to the contrary, still liable to Berger's mortgage for the balance re- maining due of the price, which Bouthemy *629 bound himself to pay for it. The defendant, having knowledge of this, could not have paid the whole amount promised by him for the plantation, with safety, unless he should be well secured against Berger's claim, and ought not, in equity, to be compelled to do it, without such a surety. But, by the stipulations of his contract, be cannot be compelled to pay, till the plaintiff produces legal evidence that the mortgage granted by his testator to Berger has been fairly cancelled and annulled, which does not appear in the case.
Desbois for the plaintiff, Workman for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.