Martin, J.
The plaintiffs state, that their insolvent, the defendant, and Miller were partners; that the affairs of the partnership in Washita, were carried on under the firm of Hamilton & Miller; that the capital was to be furnished by their insolvent, and the other partners were only to yield their care and industry; that the profits and losses were to be divided, one half to their insolvent and one quarter to each of the other partners. That their insolvent purchased goods to the value of $15,875 19 cents. That $3.929 52 cents alone were received, and the balance of the monies and debts of the partnership, were applied by the defendant, to his own use.
The answer denies the plaintiffs to be the legal representatives of Brooks; avers he is dead, and his legal representatives are not parties to the suit; that the articles of partnership contained a clause, that all differences should be settled by arbitration; finally, the general issue is pleaded.
By a rule of court, arbitrators were appointed, and it was ordered, that their award should be the judgment of the court.
*286 They found $17,316 22 cents, in favour of the plaintiffs, and $9806 28 cents in favour of Hamilton & Miller, making the total amount of the property of the concern $27,122 50 cents. Entertaining a doubt, of their authority to estimate the property, they observed, that the statement they had made will shew the respective situation of the parties.
The court confirmed the award, and decreed, that the parish judge make a partition of the land, according to the spirit and meaning of the award; that the plaintiffs pay all costs before the submission to the arbitrators, and the rest be equally borne by each party. The plaintiffs appealed.
The counsel shews, that according to the articles of partnership which accompany the record, the sale of goods and merchandise was the only object of the partnership, and real estate was only to he purchased when necessary, for the purpose of conveniency in carrying on the joint trade; and 20,638 arpents are said to have been purchased by the defendant, on account of the partnership, and directed by the award to be divided among the partners. In Kemper vs. Smith. 3 Martin, 627, this court held, that in a commercial *287 partnership, all mercantile transactions of one of the partners are binding on the others; but it would be monstrous to make the latter answerable for any act of the former, out of the course of trade. A partner must be considered as vested by his co-partners, with certain powers for certain purposes. If he travel out of these, his acts can no more be binding on the others, than those of an attorney, who exceeds his powers, are obligatory on his constituents.
The plea to the persons of the plaintiffs appears to have been waved.
I think the district judge erred in directing a partition of the laws; the case must be remanded, with directions to the district judge to proceed therein according to law.
Mathews, J. concurred.